JOSEPH H. SEXTON, PROSECUTOR, v. THE BOARD OF EXCISE COMMISSIONERS OF THE CITY OF ASBURY PARK AND GEORGE J. REIFF.

Submitted December 5, 1907—Decided February 24, 1908.

1. The board of excise commissioners of the city of Asbury Park was established by the common council of that city under an act (*Pamph. L.* 1902, *p.* 628). The act provided that such board should have power to make ordinances, to license and regulate or prohibit the sale of intoxicating liquors. *Held*, that the power of the board to license was limited by the act of 1896 (*Pamph. L., p.* 53), which provides that no new license shall be granted to sell liquor within one mile from the outside limits of any land controlled by any incorporated camp meeting association used for religious worship, or for any purpose for which such association is formed.

2. The act of 1896 (*Pamph. L., p.* 53), is not unconstitutional as special legislation regulating the internal affairs of cities.

This *certiorari* brings up a resolution of the board of excise commissioners of the city of Asbury Park, passed on July 2d, 1907, whereby they granted a license to George J. Reiff to sell spirituous, vinous, malt and brewed liquors in quantities of less than one quart, to be drunk on the premises of the Continental Hotel, in the city of Asbury Park.

Before Justices GARRISON and REED.

For the prosecutor, *David Henry, Jr.*

For the defendants, *Patterson & Rhome* and *Joseph D. Carton.*

The opinion of the court was delivered by

REED, J. The agreed state of facts to be used on this argument shows that the Continental Hotel, for the sale of liquor in which the license was granted, is located within one mile of the outside limits or boundaries of the lands of the Ocean Grove Camp Meeting Association of the Methodist Episcopal Church. It shows that the association is incorporated under · an act of the legislature, entitled "An act to incorporate the Ocean Grove Camp Meeting Association of the Methodist Church," approved March 3d, 1870, and that the lands of the said association lying contiguous to Asbury Park are used for religious worship and other objects and purposes for which said association was formed.

The ground upon which the license granted by the resolution brought up is attacked is that the board of excise commissioners were without power to grant a license for the sale of liquor at a place within one mile of the outside limits or boundaries of the said camp meeting association.

Asbury Park was incorporated as a city under an act providing for the government of cities of this state containing a population of less than one thousand two hundred inhabitants. *Pamph. L.* 1897, *p.* 46.

Section 23 of this act of 1897, under which Asbury Park was incorporated, provides that "the sole and exclusive power to grant licenses to persons to keep inns and taverns within such cities shall be vested in the common council, on such terms and under such limitations, regulations and restrictions as the said common council shall by their ordinances impose; *provided, however,* that no license shall be granted contrary to the provisions of an act of the legislature of this state, entitled 'An act respecting the granting of licenses to sell spirituous, vinous, malt or brewed liquors in certain places of this state,'" approved March 9th, 1896.

This act of March 9th, 1896, thus referred to, provided that "hereafter no licenses shall be granted to keep an inn or tavern, or to sell spirituous, vinous, or malt or brewed liquors within the limits of any land owned or controlled by any camp meeting association incorporated by or under the laws of this state used for religious worship, or for any objects or purposes for which such associations are formed, nor within one mile in any direction from the outside limits or boundaries of such lands, except that it may be lawful to renew from time to time any such license now existing to make sale thereof at any inn or tavern now located at or lawfully doing business within the limits aforesaid." *Pamph. L.* 1896, *p.* 53.

An act was thereafter passed (*Pamph. L.* 1902, *p.* 628) to establish an excise department in the cities of this state. It empowered the common council or other governing bodies of said cities to provide by ordinance for the establishment of a board of excise commissioners. It further provided that such board should have power to make ordinances to license and regulate or prohibit inns and taverns, restaurants and beer saloons, and, when licensed, to revoke or transfer such license, and to prohibit all traffic in or sale of intoxicating drink or drinks.

Under the provisions of this act the common council of Asbury Park passed an ordinance on July 2d, 1906, to create a board of excise commissioners, which board granted the license now under review.

It is observable that the grant of this license is in direct contravention of the provisions of the act of 1896 (*Pamph. L., p.* 53), which prohibits the granting of any such license within one mile in any direction from the outside limits of the Ocean Grove Camp Meeting Association.

The counsel for the defendants insist, first, that the act of 1896 is unconstitutional because it is special and local, and regulates the internal affairs of towns and counties. The principal point made against the generality of the act is that it does not apply to all camp meeting associations, but only to incorporated camp meeting associations.

It seems quite obvious, however, that the legislature had a

right to limit the protection afforded by the act to those religious associations which existed under the sanction of the laws of the state, and under the limitations and conditions which the corporation statutes of the state provide.

The legislature, under the police power, has the right to prohibit a certain class of transactions likely to disturb or interfere with religious worship within the vicinity of churches and camp meetings where religious exercises are held. Peddling by itinerant vendors of goods, and the sale of intoxicating liquors, and consequently the licensing to sell intoxicating liquors, within a reasonable distance of such localities may be prohibited. *Freund Pol. Pow.*, § 175; *Black Intox. Liq.*, § 40.

Granting this general power in the legislature, the discrimination between places in the vicinity of religious meetings existing by virtue of the corporation laws of the state and the vicinity of those religious meetings voluntarily held without corporate recognition was entirely legitimate.

The objections to the constitutionality of the act of 1896 are, we think, entirely unsubstantial.

It is again objected that the act of 1896 (*Pamph. L., p.* 53) is repealed by the act of 1902 (*Pamph. L., p.* 628), providing for the establishment of excise boards in cities, followed by the establishment of such board in Asbury Park.

The repealing efficacy of the act of 1892, if it exists, must arise out of the power vested in the board of excise commissioners by that act and upon the clause repealing inconsistent legislation.

The power, as already exhibited, is to license and regulate or prohibit inns, taverns, &c., and the prohibiting all traffic in the sale of intoxicating drinks or liquors.

The query is whether the power so conferred upon the board of excise commissioners includes the power to settle by its own legislation all the conditions and limitations controlling the granting of licenses and excludes any limitation imposed upon the licensing power by any preceding statute. If so, then the establishment of the board of excise commissioners extinguished all limitations upon the power to license contained in the Inn and Tavern act, or any other preceding act.

In my judgment, this view is untenable. The purpose of the act to establish boards of excise in cities in this state was to transfer the licensing function from the body which in the several cities then possessed the licensing power to the new board to be specially constituted. All the restrictions which controlled the old board in the exercise of its authority to license, whether existing in the charter of the city or in the general acts applicable to such city, remained to control the exercise of power by the new board.

It is to be remarked that the act of 1896 not only existed at the time of the incorporation of Asbury Park, but was by reference expressly included in the charter of that municipality, which charter was the act of 1897. As has been observed, under the act of 1897 the power to license was in the common council, and was restrained by the provisions of the act of 1896 prohibiting the granting of licenses within one mile of the territory of an incorporated camp meeting. That the transfer of the licensing power from the common council to the board of excise commissioners under the act of 1902 did not repeal the then restriction on the licensing power seems apparent.

An apposite illustration of the soundness of this view is furnished in *Miller* v. *Camden,* 34 *Vroom* 501. The board of excise of the city of Camden was established under the act of 1886. *Pamph. L., p.* 397. Under that act power was conferred upon the board to pass ordinances to license and regulate or prohibit inns and taverns, and to prescribe and enforce penalties either by fine or imprisonment for the violation of such ordinances. The power thus conferred upon the board of excise respecting penalties was plenary, and the board proceeded to enact an ordinance fixing a penalty for the violation of any ordinance, which penalty was that the defendant should pay a fine of $50 and costs, and in default thereof should be imprisoned for the term of three months.

Previous to the passage of the act of 1886 the power to grant licenses and to pass ordinances regulating the sale of intoxicating liquors was lodged in the common council, and the city charter provided that the common council might pre-

scribe a penalty for the violation of such ordinances by either imprisonment for ten days in the county jail or by a fine not exceeding $100. It was held that the ordinance of the board of excise, so far as it contravened the provisions of the charter, was invalid.

Said Mr. Justice Gummere: "When the legislature transferred the regulation of the liquor traffic from the common council of Camden to the excise board　*　*　*　it was not intended　*　*　*　to clothe the board with power to impose fines unlimited in amount, or terms of imprisonment unlimited in extent. The legislature had, in granting its charter to Camden, already declared what should be the maximum punishment for the violation of its municipal ordinances, and that maximum remained unchanged by the transfer from the city council to the excise board the power to pass ordinances regulating the sale of liquors and to punish violations of such ordinances."

That the granting of power to license upon the board of excise commissioners did not repeal previous statutory limitations upon the licensing power is exhibited also by the case of *Peer* v. *Excise Commissioners of Newark,* 41 *Vroom* 496.

The act of 1903 (*Pamph. L., p.* 369) ordered the mayor of cities of the first class to appoint a board of excise commissioners. Section 5 of that act enacts that such board of excise commissioners shall have sole power to license and regulate inns and taverns, restaurants, beer saloons, and all places where any kind of vinous, malt, brewed, spirituous or other intoxicating liquors are sold. The power to license, it is observed, thus given is unrestricted, yet it was held in the mentioned case that a license granted to sell liquor in less measure than a quart in a place used as a store in which grocery and other mercantile business was carried on was held to be void, as contravening the provisions of section 11 of the act of 1899. *Pamph. L., p.* 77.

We are of the opinion that the resolution granting the present license was beyond the power of the board of excise commissioners of Asbury Park, and it should be vacated.